IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER T. NELSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 03-419-GPM |
| | ) |
| WHITE CONSTRUCTION, INC., and MICHAEL MONTGOMERY, | ) ) |
| | ) |
| Defendants/Third-Party Plaintiffs, | ) ) |
| | ) |
| vs. | ) |
| | ) |
| NOOTER CONSTRUCTION COMPANY, | ) |
| | ) |
| Third-Party Defendant. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

This matter is before the Court on a motion to amend order/judgment or, in the alternative, for relief from order dated May 31, 2005. (*See* Doc. 158.) The motion was filed on November 2, 2005, and no response has been filed.

Intervenor Sentry Insurance Company, the insurer of Plaintiff's employer, Nooter Construction Company, seeks relief from this Court's Order of Dismissal which was entered on May 31, 2005 (*see* Doc. 157). Sentry's motion was filed pursuant to Federal Rule of Civil Procedure 60(b), which provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a
> party or a party's legal representative from a final judgment, order,
> or proceeding for the following reasons: (1) mistake, inadvertence,

> surprise, or excusable neglect; (2) newly discovered evidence …; (3) fraud …; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated …; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). This rule authorizes the Court to relieve a party from a final judgment when such relief is needed to "accomplish justice," *see Klapport v. United States*, 335 U.S. 601, 615 (1949), and the decision whether to grant such relief rests within the Court's sound discretion. *Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 795 (7th Cir. 1980).

Counsel for Sentry argues that he was not a party to the negotiations for the settlement of the underlying case. This is not surprising, in light of the fact that the docket sheet reflects that the underlying case was settled on August 31, 2004 (*see* Doc. 118), and Sentry did not intervene until November 24, 2004 (*see* Doc. 144).

But Sentry does not explain how it was not a party to the final settlement of all claims before Magistrate Judge Wilkerson on May 25, 2005. In fact, the minutes of the settlement conference reflect that counsel for Sentry was present at the conference along with a corporate representative (*see* Doc. 155). Most troubling, however, is the fact that Sentry waited more than five months to file the instant motion. The May 31, 2005, Order about which Sentry complains was entered "with the right, upon good cause shown within sixty (60) days, to reopen the action if settlement is not consummated." (*See* Doc. 157.) Nothing was filed on or before July 31, 2005, and, thus, the Order is final. Justice does not require relief under Rule 60.

For these reasons, Sentry's motion (Doc. 158) is **DENIED**. The Clerk is **DIRECTED** to

enter judgment in accordance with the May 31, 2005, Memorandum and Order.

**IT IS SO ORDERED.**

DATED: 12/01/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge
